UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ASHOK KASHELKAR,

                       06 Civ. 6108 (CS)(LMS)

                   Plaintiff,

                       **ORDER ADOPTING**
- against -                   **REPORT AND**
                       **RECOMMENDATION**

VILLAGE OF SPRING VALLEY, SPRING VALLEY
POLICE DEPARTMENT, POLICE OFFICER J.
BELTEMPO – SHIELD NO. 592, COUNTY OF
ROCKLAND, HON. MICHAEL E. BONGIORNO,
DISTRICT ATTORNEY, COUNTY OF ROCKLAND,
                   Defendants.
------------------------------------------------------------------x

Seibel, J.

      Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Lisa Margaret Smith dated July 7, 2008, (Doc. 47), on Defendants' motion for sanctions and preclusion based on Plaintiff's willful violation of discovery orders. Judge Smith recommended that Plaintiff be precluded from: 1) claiming lost income as part of his damages; and 2) deposing Defendant Beltempo and all other members of the Spring Valley Police Department. Plaintiff sought and received from Judge Brieant an extension -- to August 11, 2008 -- of his time to file objections, but never filed any such objections. Defendants have likewise filed no objections.

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific" and "written," and submitted "[w]ithin 10 days

1

after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C).

Where a party submits timely objections to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record. *See White v. Fischer*, No. 04-CV-5358, 2008 WL 4210478, at *1 (S.D.N.Y. Sept. 12, 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). The clearly-erroneous standard also applies when a party makes only "conclusory or general objections, or simply reiterates his original arguments." *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

There has been no objection to the R&R, and the Court discerns from the face of the record no clear error in its recommendations, which appear to be amply justified in the circumstances. Accordingly, the R&R is adopted as the decision of the Court.

Plaintiff's cross-motion is denied. Plaintiff sought a hearing before the Chief Judge of the United States District Court for the Southern District of New York, Kimba M. Wood. Plaintiff asked that Judge Wood reject Defendants' motion for sanctions, remove Magistrate Judge Smith and Judge Brieant from this case, and reassign the case to another Judge. As was explained to Plaintiff in a June 6, 2008 letter from the *Pro Se* Office, Chief Judge Wood does not

supervise, or have the authority to supervise, the work of, or cases assigned to, other Judges of the Court. Further, Plaintiff's papers in support of his cross-motion reveal that he does not seek disqualification of Magistrate Judge Smith for any reason set forth in 28 U.S.C. § 455 or elsewhere, but simply because he does not like her rulings and recommendations. This is plainly not a ground for disqualification. *See, e.g., Liteky v. United States*, 510 U.S. 540, 555 (1994); *Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 43-44 (1913); *SEC v. Loving Spirit Found. Inc.*, 392 F.3d 486, 494 (D.C. Cir. 2004); *In re IBM Corp.*, 618 F.2d 923, 929 (2d Cir. 1980); *United States v. LoCascio*, 372 F. Supp. 2d 304, 314-15 (E.D.N.Y. 2005). Replacement of Judge Brieant with a new Judge was likewise unjustified, but has in any event occurred as a result of his recent passing.

The Clerk is respectfully directed to terminate the pending motions. (Docs. 41, 45).

SO ORDERED.

_____
CATHY SEIBEL, U.S.D.J.

Dated: October 15, 2008
White Plains, New York

3